**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| DAMIANA ABIORO, | * | |
| As the Legal Guardian For, | * | |
| The Minor Child, J.M.A., | * | |
| Claimant, | * | |
| | * | |
| v. | * | CASE NO. 5:06-CV-233 (WDO) |
| | * | Social Security Appeal |
| MICHAEL J. ASTRUE, | * | |
| Commissioner of Social Security, | * | |
| Respondent. | * | |

## REPORT & RECOMMENDATION

Before the Court is the issue of whether Claimant was overpaid Supplemental Security Income following a determination by the Social Security Administration that she had assets beyond the $2,000 resource limit. Plaintiff contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor

substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

## DISCUSSION

In May 1996, the Social Security Commissioner found that Claimant, a minor child, was disabled and awarded Supplemental Security Income to be paid to her through her guardian, Plaintiff Abioro.(T-16). In 2001, Claimant's case was reviewed by the SSA who determined in a decision dated March 2002, that Claimant had been overpaid SSI benefits in the amount of $9,412.02. (T-60). Plaintiff requested an administrative hearing wherein the ALJ determined that Claimant had been overpaid $9,442 from January 2000 through February 2002. (T-13-20). The ALJ further determined that Plaintiff was at fault for the

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

overpayment. Upon granting Plaintiff's request for review of the ALJ's decision, the Appeals Council found that while the ALJ was without the authority to determine any fault or waiver issues in this matter, the Plaintiff had been overpaid $9,412.02 in supplemental security income due to excess resources from December 1999 to February 2002.

In her Brief, Plaintiff contends that it was her intent to create irrevocable trusts for the monies deposited on behalf of her granddaughter, and that she was unaware that she was required to report the receipt of the products liability settlement she received to the Social Security Administration.

**I.    Did the Commissioner err in finding that Plaintiff's settlement receipt rendered her ineligible for supplemental security income benefits?**

Plaintiff first argues that the accounts set up for Claimant from the proceeds of the products liability suit should not have been considered "resources" for SSI eligibility purposes. (R-13, p. 6). Specifically, Claimant argues that the financial settlement she received on behalf of Claimant and deposited into three accounts are not income because it was her intent to create irrevocable trusts which Claimant would have no access to until her eighteenth birthday. *Id.* at 6-13.

As the Commissioner correctly notes, any asset that can be easily converted to cash is considered a countable resource. In fact, the Regulations, at 20 C.F.R. § 416.1201(a), state that:

> Resources; defined. For purposes of this subpart L, resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could

3

> convert to cash to be used for his or her support and maintenance.
>
> (1) If the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

As such, the ultimate issue here is not whether Plaintiff had the intent to create an irrevocable trust for the benefit of Claimant once she reached the age of eighteen, but rather, whether the resources were, at any time, easily convertible to cash, and thus, available to Claimant. There is no question that Plaintiff and her husband have not touched the money received and deposited on behalf of Claimant. While their intentions may have been honorable, the fact remains that no irrevocable trust was ever created which would have kept the funds from being considered "resources" for purposes of social security. Furthermore, evidence presented in this case has established that Plaintiff had the ability and authority to withdraw and utilize the funds in the three accounts in question at any time. Although Plaintiff correctly asserts that had she used any of the money in the accounts, she could have violated her fiduciary duty to Claimant as her guardian, that does not negate the fact that the money was available for the use and support of the Claimant.

Therefore, Plaintiff's contention that the accounts set up in Claimant's name for her future use should not have been counted as financial resources is without merit.

**II. Did the Commissioner err in failing to make a credibility determination with regard to Plaintiff's intent to create an irrevocable trust for Claimant?**

Claimant next contends that during the administrative hearing before the ALJ, that

4

Plaintiff testified that only she and her husband had access to the bank accounts at issue and that Claimant would have no access to the accounts until she reached the age of eighteen. (T-37). Plaintiff argues that the ALJ's failure to make any credibility determinations from this testimony, or to state with any specificity what weight he had given Plaintiff's testimony, means that her testimony must be accepted at true as a matter of law. (R-13, p. 14). Thus, Plaintiff claims, the ALJ should have determined that she did, in fact, create a trust for Claimant's bank accounts. *Id*. at 15.

Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, **the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual**, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence. (Emphasis added).

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> **Statements about your pain or other symptoms** will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are

5

disabled. (Emphasis added).

      A review of relevant social security regulations fails to establish that the ALJ erred in not making a credibility determination regarding the testimony of the Plaintiff. The cases cited by Plaintiff in support of her contention all deal with testimony of a claimant who is attempting to qualify for disability payments based on their impairments. That is not the case here. As such, no error is found with the ALJ's failure to make a credibility determination regarding Plaintiff's testimony.

**III.**     **Was the notice of the termination of Claimant's benefits insufficient?**

Plaintiff next contends that the notice which terminated Claimant's SSI benefits violated her right to due process under the Fifth Amendment of the United States Constitution. (R-13, p. 15). Plaintiff argues that the SSA is statutorily required, pursuant to 42 U.S.C. § 1383(c)(1)(A), to provide "reasonable notice" to claimants regarding their benefits. *Id.*

The notice in question, entitled "Notice of Overpayment" stated that Claimant had been overpaid "because of her income from gifts, prizes, cash or special income." (*See* R-13-1). A review of the Notice of Overpayment fails to reveal that the notification provided to Plaintiff was deficient. As noted by the Commissioner in his Brief, "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976). Here, although Plaintiff contends that the notice provided by the SSA that Claimant had been overpaid

6

violated her due process rights, the administrative record reveals that following receipt of the notice, Plaintiff was informed enough to know that she was entitled to a review of that determination, and, in fact, was informed during that review exactly why the SSA had determined that Claimant was overpaid. At no time was Plaintiff's right to appeal or request review of the SSA's decision ever in jeopardy. Plaintiff ultimately exhausted the administrative process and filed the current appeal in this court. Therefore, Plaintiff's claim that the notice provided by the SSA that Claimant had been overpaid violated her right to due process is without merit.

IV. **Was the Plaintiff given sufficient notice of the requirement that she report any change in Claimant's financial resources?**

Plaintiff last contends that she did not receive sufficient notice that she was required to report any change in Claimant's financial resources. (R-13, p. 19). Specifically, Plaintiff claims that her limited understanding of the English language and the one-sentence statement that Plaintiff "must report any change within 10 days after the end of the month it occurs" failed to give her adequate notice that she was required to report the income received by Claimant from the class action settlement. *Id.* A review of the record reveals that Claimant's case was reviewed several times and she was asked to update any changes to Claimant's income and resources. The language of the request was plain. Therefore, Plaintiff's claims that she was not aware of what she must report is without merit.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Plaintiff's

contention that the ALJ failed to properly evaluate the evidence of record. This Court further finds that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in making the required determinations.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 22nd day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw