IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAMIANA ABIORO, | : | |
| As the Legal Guardian For the Minor | : | |
| Child J.M.A., | : | |
| | : | |
| Claimant | : | |
| | : | 5:06-CV-233 (WDO) |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, Commissioner | : | |
| of Social Security, | : | |
| | : | |
| Respondent | : | |

*ORDER ON REPORT AND RECOMMENDATION*

Currently before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 18] to affirm the Commissioner's decision that Claimant was overpaid Supplemental Security Income following a determination by the Social Security Administration that Claimant had access to assets beyond the $2,000.00 resource limit. Claimant has filed an Objection to the Recommendation [Doc. 19]. Having considered Claimant's objection and having investigated the matter *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.

Claimant J.M.A., a minor, was receiving SSI benefits for severe asthma. Claimant was awarded money from a class-action settlement regarding the asthma medication she had previously taken. Plaintiff, as Claimant's guardian, deposited the settlement money into three separate accounts, and contends she intended to create a "trust" for Claimant with these funds.

1

The Social Security Administration determined that the money awarded to Claimant was a countable resource for SSI purposes and that Claimant was required to pay back certain benefits she had received since 1999. The United States Magistrate Judge recommends this Court affirm the Commissioner's decision that Claimant was overpaid Supplemental Security Income.

Plaintiff filed an objection to the Report and Recommendation, arguing that she deposited the money in question into what she intended to be considered trust accounts for Claimant's future benefit. Plaintiff contends that, because she *intended* to create a trust for Claimant, an express trust had in fact been created, and the assets should not have been considered "resources." The accounts set up by Plaintiff were put into certificates of deposit with maturation dates. Nothing in the accounts reflected any intention that they be considered trusts. As explained in the Report and Recommendation, although Plaintiff may not have intended to access the funds, the ultimate fact remains that Claimant, through Plaintiff, had access to the funds for her maintenance and support. Accordingly, the ALJ did not err in finding that Claimant had been overpaid SSI benefits.

Having carefully considered the Report and Recommendation, and Claimant's objections thereto, the Recommendation is ADOPTED IN FULL for the reasons stated therein and made the order of the Court. The Commissioner's decision that Claimant has been overpaid SSI benefits and that Claimant is required to pay back certain benefits she has received since 1999 is AFFIRMED.

**SO ORDERED this 19th day of December, 2007.**

<u>**S/ C. Ashley Royal**</u>
**C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE**

CF/ssh